■ NANAKO OGURI, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [606 NYS2d 202] — Order, Supreme Court, New York County (Francis Nicolai, J.), entered February 10, 1992, which granted plaintiff's motion for a new trial on the issues of liability and damages unless the parties stipulate to a finding of liability of 90% against the defendant City and 10% against the plaintiff and total damages in the amount of $300,000, and order of the same court, also entered on February 10, 1992, which amended the prior order to the extent of noting that the $300,000 in damages is comprised of $175,000 for past pain and suffering and $125,000 for future pain and suffering, unanimously affirmed, without costs.

In light of the fact that, *inter alia,* the City violated the Building Code by not providing a guardrail for the ramp in question, by building the ramp at a slope much greater than permitted and by not covering the ramp with a non-slick finish, and since plaintiff had never used the ramp before and had no reason to anticipate the hazardous condition presented by the ramp, the trial court properly concluded that the jury's verdict, which found that plaintiff was 90% liable for her injuries, was against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 133). Moreover, the damages awarded by the jury (a total of $95,000) deviate materially from what is reasonable compensation (CPLR 5501 [c]). The uncontroverted medical testimony concerning plaintiff's injuries and necessary medical care and attention supports the trial court's determination that a total award of $300,000 is reasonable under the circumstances *(cf., Menga v Raquet,* 150 AD2d 434). Concur—Murphy, P. J., Kupferman, Asch and Nardelli, JJ.